IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL ANTHONY BROWN,**

    **Plaintiff,**

**v.**                                                                                               **No. 15-cv-0259 SMV**

**CAROLYN W. COLVIN, Acting Commissioner of**
**Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing with Supporting Memorandum [Doc. 21] ("Motion"), filed on November 15, 2015. The Commissioner responded on February 24, 2016. [Doc. 24]. Plaintiff replied on March 9, 2016. [Doc. 25]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 9]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that substantial evidence does not support the ALJ's finding that Plaintiff's previous job as a greeter qualified as "past relevant work" at step four. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity;" *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on October 3, 2012. Tr. 11. Plaintiff alleged a disability-onset date of February 10, 2012. *Id.* His claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* ALJ Barry O'Melinn held a hearing on July 31, 2014, in Albuquerque, New Mexico. Tr. 11, 27. Plaintiff appeared in person with his attorney. Tr. 11, 27. The ALJ heard testimony from Plaintiff and an impartial vocational expert, Diane Weber. Tr. 11, 27–59.

The ALJ issued his unfavorable decision on November 13, 2014. Tr. 11–21. At step one, he found that Plaintiff had been engaged in substantial gainful activity between the alleged onset date (February 2012) and November 2013. Tr. 13–14. However, the ALJ found that after November 2013, Plaintiff had not been engaged in substantial gainful activity. *Id.* Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, he found that Plaintiff suffered from one severe impairment: generalized anxiety disorder/panic disorder. Tr. 14–15. He found that Plaintiff's lower back pain, abdominal issues, syncopal episodes, and self-diagnosed obsessive-compulsive disorder did not qualify as "severe" at step two. *Id.* At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 15–17.

Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 17–20. The ALJ found that

> [Plaintiff] has the [RFC] to perform a full range of work at all
> exertional levels but with the following nonexertional limitations:

>[he] can understand, carry out, and remember simple instructions; and make commensurate work[-]related decisions; and can respond appropriately to supervision, co-workers, and work situations. He can deal with routine changes in work settings and can maintain concentration, persistence, and pace for up to and including two hours at a time, with normal breaks throughout the workday.

Tr. 17. At step four, the ALJ found that Plaintiff was able to return to his past relevant work as a greeter/escort ("greeter"). Tr. 20. Because the ALJ found that Plaintiff could return to his past relevant work at step four, he was not required to (nor did he) proceed to step five. Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claims. *Id.* The Appeals Council denied Plaintiff's request for review on February 6, 2015. Tr. 1−3. Plaintiff timely filed the instant action on March 30, 2015. [Doc. 1].

## Analysis

Plaintiff challenges the ALJ's finding that his work as a greeter at Lowe's home improvement store constituted past relevant work at step four. This matters because if Plaintiff is correct, then the ALJ's ultimate finding that Plaintiff could return to his past relevant work as a greeter (and, thus, is not disabled) would be unsupported; remand would be required.[3] Plaintiff comes at it from different angles, but the cornerstone question is whether his work as a greeter between October and December 2012 was an "unsuccessful work attempt."

---

[3] Defendant impliedly argues that that any error at step four is harmless because the vocational expert testified that Plaintiff could perform other work that exists in substantial numbers in the national economy. [Doc. 24] at 9 n.3. The Court is not persuaded. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (Reviewing courts may only evaluate an ALJ's decision "based solely on the reasons stated in the decision" and may not "supply[] possible reasons" for an ALJ's decision after the fact.). In this case, the ALJ made no step-five finding at all. Tr. 20. The Court may not rely on the vocational expert's testimony to support a step-five finding that the ALJ never made.

Plaintiff worked as a "plumbing pro" at Lowe's home improvement store from February to September of 2012. Plaintiff asserts that he voluntarily requested a demotion to the part time position of greeter in October of 2012 due to his impairments. He continued working part time as a greeter until he was terminated in November of 2013 for a reason unrelated to his impairments (i.e., failing to report gossip about alleged harassment). Based on his earnings at Lowe's, the ALJ found that Plaintiff was engaged in substantial gainful activity for all of 2012 and for the second and fourth quarters of 2013 (but not the first and third quarters). Tr. 13–14.

Specifically, the ALJ found that Plaintiff made $21,447.89 in 2012. He divided that amount of annual income by 12 months and found that Plaintiff's average monthly income in 2012 was $1,787.32. Tr. 13 (citing Tr. 233–42). Because that amount is more than the substantial-gainful-activity threshold of $1,010 per month, the ALJ found that Plaintiff had engaged in substantial gainful activity for all of 2012. Tr. 13.

The ALJ then found that Plaintiff's work as a greeter for some (but not all) months in 2013 qualified as substantial gainful activity. Tr. 13–14. Rather that utilizing the same procedure for the 2013 earnings that he had for the 2012 earnings (i.e., dividing the annual income by 12 months for an average monthly income), the ALJ performed different calculations. *Id.* He found that Plaintiff's "earnings over the year fluctuated, [so] the most appropriate method [was] to average Plaintiff's earnings by quarter." *Id.* Taking the earnings by quarter and then dividing each quarter by three months, the ALJ found that Plaintiff had substantial gainful activity as a greeter during the second and fourth quarters of 2013. Tr. 13−14.

Plaintiff argues that it was legal error for the ALJ to have evaluated his 2013 income by quarter rather than annually (as he had with the 2012 earnings). [Doc. 21] at 16–20. Plaintiff argues that the regulations require the determination to be based on monthly earnings "for [the] particular *year*." *Id.* at 17 (emphasis added) (citing 20 C.F.R. §§ 404.1574(b)(3), 416.974(b)(3)). He further argues that the Social Security Administration's Program Operations Manual Systems ("POMS") prescribes a specific method of calculating substantial gainful activity in situations where a plaintiff worked fewer than 12 months during a calendar year. *Id.* (citing 20 C.F.R. §§ 404.1574a(a), 416.974a(a)). He argues that this error was harmful because applying the correct legal standard shows that none of Plaintiff's 2013 income constitutes substantial gainful activity.

The Commissioner does not respond to Plaintiff's argument that the ALJ erred in calculating the 2013 income (for substantial gainful activity) by quarter. Instead, she argues that whether or not Plaintiff's 2013 earnings constitute substantial gainful activity is "irrelevant" because his work between October and December 2012 as a greeter *was* substantial gainful activity. [Doc. 24] at 8. She argues that those three months of substantial gainful activity as a greeter are enough to support the ALJ's finding that Plaintiff's work as a greeter constituted past relevant work at step four. *Id.* (Actually, she argues that only *one* month is enough because it takes only one month to learn the job of greeter. *Id.* (citing POMS DI 25001.001B.79).)

Plaintiff disagrees. He argues that once his 2013 earnings as a greeter are properly considered below substantial gainful activity, the 2012 greeter work is exposed as an

7

unsuccessful work attempt, which is an exception to substantial gainful activity and, thus, cannot constitute past relevant work at step four. [Doc. 25] at 1–3. That is, he argues that he has had zero months of substantial gainful activity as a greeter.

For several reasons, the Court finds that the ALJ erred in calculating whether Plaintiff's work in 2013 constituted substantial gainful activity. First, Plaintiff cites persuasive authority that the ALJ was required to evaluate Plaintiff's income annually (or as close to it as possible), rather than quarterly. *See* [Doc. 21] at 16–20 (citing 20 C.F.R. §§ 404.1574a(a), 416.974a(a); POMS DI 25005.015.C, POMS DI 25001.001.B.84). Second, the methods prescribed in these authorities show that, contrary to the ALJ's findings, Plaintiff was not engaged in substantial gainful activity in 2013. Third, the ALJ used the method identified by Plaintiff when he evaluated the 2012 income. Tr. 13. He explained that he employed a different method of calculation for the 2013 earnings because Plaintiff's "earnings over [2013] fluctuated," *id.*, but that reason does not trump the authorities cited by Plaintiff. Besides, Defendant effectively concedes the point. She does not defend the ALJ's method of evaluating the 2013 income, nor does she argue that the 2013 income constituted substantial gainful activity.[4] *See* [Doc. 24].

Considering that there is (at least) a question about whether Plaintiff's 2013 work constituted substantial gainful activity, Plaintiff takes the next logical step and argues that his

---

[4] More than four months have passed since Plaintiff filed his reply. In that time, Defendant has not sought leave to file a surreply to offer *any* argument on the 2013 income or to respond to the argument regarding the unsuccessful work attempt. The unsuccessful-work-attempt argument was somewhat predictable considering the Commissioner's response, and the issue regarding the 2013 income was clearly not irrelevant after Plaintiff filed his reply. Defendant is an institution with highly specialized attorneys who are experts in this field. The Court finds the lack of a request to file a surreply to be noteworthy. *See, e.g., Conroy v. Vilsack*, 707 F.3d 1163, 1180 n.6 (10th Cir. 2013) (finding no abuse of discretion where district court relied on new argument raised for the first time in reply and where the non-movant did not move to file a surreply even though she had ample time to do so). Ultimately, Defendant does not dispute that Plaintiff's work in 2013 was not substantial gainful activity, nor does she dispute that his work between October and December 2012 was an unsuccessful work attempt.

October-to-December-2012 greeter work is exposed as an unsuccessful work attempt. He explains that an unsuccessful work attempt is an exception to substantial gainful activity and, thus, cannot constitute past relevant work at step four. [Doc. 25] at 1–3. His ultimate point is that he has no past relevant work to which he can return, and therefore, the ALJ erred in finding him not disabled (on the ground that he could return to his past relevant work). *See id.*

Work that a claimant is forced to reduce below substantial gainful activity (or stop entirely) after a short time *because of the claimant's impairment* is generally considered to be an "unsuccessful work attempt." 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1)). The fact that an individual has not been able to hold a job for long periods of time can support the individual's claim for disability because an unsuccessful work attempt may show that the individual is incapable of engaging in substantial gainful activity. *See* Social Security Ruling 84-25. Work that lasts less than three months is generally an unsuccessful work attempt, and work that lasts more than six months is a successful work attempt. *See id.*

The ALJ did not make a finding one way or the other regarding whether Plaintiff's work as a greeter between October and December 2012 was an unsuccessful work attempt. Plaintiff cites evidence in the record on which a reasonable adjudicator could rely to find that it was an unsuccessful work attempt, [Doc. 25] at 2–3 (citing Tr. 285, 324). However, a reasonable adjudicator could also find that it was *not* an unsuccessful work attempt. For example, an ALJ could find that Plaintiff's work as a greeter fell below substantial gainful activity in January 2013 for reasons unrelated to his impairments. *See* Tr. 18 (adverse credibility findings,

including a finding that it was "unlikely" that Plaintiff was demoted from "plumbing pro" to greeter because of his impairments).

## Conclusion

For the reasons herein, the Court finds that the ALJ erred in determining whether Plaintiff's 2013 income constituted substantial gainful activity. Consequently, his finding that Plaintiff's October-to-December-2012 income as a greeter constituted substantial gainful activity is called into question and, without more, cannot support his finding at step four or his ultimate determination of non-disability.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing with Supporting Memorandum [Doc. 21] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**